# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON
### June 9, 2005 Session

## PENNY CAROL FLETCHER MORGAN v. BENJAMIN LOYAL MORGAN

**Direct Appeal from the Circuit Court for Shelby County**
**No. CT-006931-00    Donna M. Fields, Judge**

---

**No. W2004-02452-COA-R3-CV - Filed July 20, 2005**

---

This appeal arises from the trial court's order designating Mother the primary residential parent of the parties' minor child and awarding Father less than equal parenting time.  We affirm.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; and Remanded**

DAVID R. FARMER, J., delivered the opinion of the court, in which ALAN E. HIGHERS, J. and HOLLY M. KIRBY, J., joined.

Stuart M. Breakstone, Zachary M. Moore and Kathy D. Baker, Memphis, Tennessee, for the appellant, Benjamin Loyal Morgan.

Jeffrey Jones, Bartlett, Tennessee, for the appellee, Penny Carol Fletcher Morgan.

## MEMORANDUM OPINION[1]

This appeal arises from a divorce action.  The parties, Penny Carol Fletcher Morgan (Ms. Morgan) and Benjamin Loyal Morgan (Mr. Morgan) were married on January 26, 1997.  One child was born of the marriage in 1998.  In November 2000, Ms. Morgan filed a complaint for divorce in Shelby County Circuit Court.  Between November 2000 and May 2003, however, the parties separated and reconciled at least three times before permanently separating in the spring of 2003.

---

[1]Rule 10 of the Tennessee Court of Appeals provides:

> This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

In June 2003, Ms. Morgan filed a petition to establish custody and seeking designation as the primary residential parent. Between the time the parties separated in 2003 and June 2004, when the matter was heard in the trial court, the parties had equal parenting time with their minor child and both participated in their child's school events and activities. Following the June hearing, and after considering the recommendations of two psychologists and the guardian ad litem, the trial court prepared its own parenting plan. By order of August 26, 2004, the trial court granted the parties a divorce upon stipulation of grounds and designated Ms. Morgan as primary residential parent. The court awarded Mr. Morgan visitation every Wednesday from after school until 7:30 p.m. and from Thursday after school until 7:30 p.m. on Sunday every other week during the school year. The trial court further ordered that the parties would alternate residential custody weekly during the summer, and that they would share decision-making responsibilities, with Ms. Morgan having final decision-making authority subject to mediation in case of disagreement. Mr. Morgan filed a timely notice of appeal raising the sole issue of whether the trial court erred in failing to properly compare the relative fitness of the parties or act in the best interests of the child by awarding unequal parenting time.

### *Standard of Review*

We review the trial court's determination of child custody under an abuse of discretion standard, affording the trial court great deference. *Herrera v. Herrera*, 944 S.W.2d 379, 385 (Tenn. Ct. App.1996). This Court will not interfere with the trial court's determination absent a palpable abuse of discretion or unless the judgment is against the great weight of the evidence. *Id.* at 386. This deferential review is premised on the assumption that the trial court first considered the best interests of the child in making the custody determination and did not act arbitrarily. *Id.* In making a custody determination, the trial court must engage in a comparative fitness analysis of the parents. *Gaskill v. Gaskill*, 936 S.W.2d 626, 630 (Tenn. Ct. App.1996). In so doing, it must consider the factors outlined by the legislature as codified at Tenn. Code Ann. § 36-6-106. *Id.* Custody determinations are thus based on a combination of subtle factors, and require a factually based inquiry. *Id.* The trial court is in the best position to weigh the facts presented to it, and to assess the credibility of the parties. *Id.* Similarly, the details of visitation arrangements are within the discretion of the trial court. *Hogue v. Hogue*, 147 S.W.3d 245, 251 (Tenn. Ct. App. 2004). Although the trial court's discretion is not without limit and its determinations must be based on the evidence and appropriate legal principles, we will not disturb the trial court's determinations absent an abuse of discretion. *Id.*

### *Discussion*

On appeal, Mr. Morgan does not assert that the trial court erred in designating Ms. Morgan as primary residential parent. Rather, he contends the trial court erred in awarding unequal parenting/visitation time and asserts the shared parenting schedule followed during the pendency of the divorce, whereby the minor child spent alternate weeks with each parent, is in the child's best interest.

Upon review of the record, we agree with the trial court that the parties both appear to love their minor child. Further, although we do not find it necessary or relevant to review either party's rather serious patterns of negative behavior here, we agree with the trial court that both parties have "issues" which they need to address. We cannot say, however, that the trial court abused its discretion by awarding Mr. Morgan visitation every Wednesday evening, every other weekend from Thursday after school until Sunday evening during the school year, and alternate holidays and weeks during the summer.

Contrary to Mr. Morgan's assertion in this Court, we believe the trial court sought to act in the child's best interest by establishing a visitation schedule that would address some of the apparent stress caused by the prior alternating residential arrangement and which would cause the least amount of disruption as the child began first grade. The trial court considered the recommendations of two psychologists and the guardian ad litem and, in light of those recommendations, found that it is in the best interests of the child to have one primary home setting during the school year. The two psychologists and the guardian ad litem agreed that the alternating residential schedule was a cause of stress to the child and that one primary home would be in his best interests, particularly during the school year.

Upon review of the record, we cannot say the evidence preponderates against the trial court's findings and find no abuse of discretion in the trial court's award of visitation. Accordingly, we affirm the judgment of the trial court. Further, we join the trial court in urging these parties to seek assistance in dealing with their behavioral and communication issues and to conduct themselves in a manner that is in the best interests of their child. Ms. Morgan's request for attorney's fees on appeal is denied. Costs of this appeal are taxed to the Appellant, Benjamin Loyal Morgan, and his surety, for which execution may issue if necessary.

_____
DAVID R. FARMER, JUDGE